IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDALL KELLY MEYER; SAMS ANTICS INCORPORATED,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PRESIDENT JOSEPH R. BIDEN, JR., ET AL.,<br><br>　　　　Defendants. | CIV. NO. 23-00470 JMS-WRP<br><br>ORDER (1) GRANTING IFP APPLICATION, ECF NO. 3; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND |

## ORDER (1) GRANTING IFP APPLICATION, ECF NO. 3; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND

On November 21, 2023, pro se Plaintiff Randall Meyer ("Plaintiff")[1] filed a document entitled "Claims", ECF No. 1 (which the court construes as the "Complaint"), against President Joseph R. Biden, Jr., in his official capacity, and six states and their respective Attorneys General, also in their official capacities.[2]

---

[1] Plaintiff, proceeding pro se, cannot represent Plaintiff Sams Antics Incorporated. *See* ECF No. 1 at PageID.1. And that entity cannot represent itself because a corporation may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; Local Rule 81.1(b). Accordingly, the court refers to pro se Plaintiff Meyer only.

[2] Plaintiff lists as Defendants Mike Hilgers and the State of Nebraska, Andrew Bailey and the State of Missouri, John Timothy Griffin and the State of Arkansas, Brenna Bird and the State of Iowa, Kris William Kobach and the State of Kansas, and Alan McCrory Wilson and the State of South Carolina. ECF No. 1 at PageID.1.

*Id*. at PageID.1, PageID.27.  Plaintiff contemporaneously filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 3, which is before the court.  As discussed below, the court GRANTS the IFP Application and DISMISSES the Complaint without leave to amend.

## I.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that, when a claim of poverty is made, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

When reviewing a motion filed pursuant to § 1915(a), "[t]he determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).  Although § 1915(a) does not

require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1). The court has reviewed Plaintiff's IFP Application and determines that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees). The court, thus, GRANTS Plaintiff's IFP application.

## II. **STATUTORY SCREENING**

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When

viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, a complaint that fails to state a compensable claim should be dismissed when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  DISCUSSION

Plaintiff filed the Complaint on November 21, 2023. ECF No. 1. The Complaint is verbose with various statutes and case citations sprinkled throughout, and the claims are difficult to discern, but based on what the court can glean, Plaintiff is in default of a student loan debt. He purportedly borrowed

approximately $12,000 to fund his education towards a Bachelor of Science Degree in Marine Biology, obtained from the University of Rhode Island in 2002. ECF No. 1 at PageID.12. About a decade later Plaintiff defaulted on the loan, disputing the debt as "completely illegal and invalid." *Id*. at PageID.17. Plaintiff alleges the Defendants "sought to use government force, force of law (color of law), to 'employ' [him] at less than a living wage," *id*. at PageID.5, and he has been subjected to "unsuitable, insufferable, intolerable, unwilling" employment as "sales clerk, banker, lawyer, reporter, etc.; anything but 'scientist.'" *Id*. The Department of Education provisionally and temporarily brought the loan out of default and offered a partial payment plan, which Plaintiff rejected because he claims he does not owe any debt. *Id*. at PageID.18. Late fees increased his debt to $20,000. *Id*. at PageID.13. Presently, Missouri Higher Education Loan Authority ("MOHELA") is the student loan servicer, which Plaintiff alleges he has never heard of until September 2023. He denies ever entering any contract with MOHELA. *Id*. at PageID.18.

The United States Secretary of Education ("Secretary") sought to discharge student loan debt, such as those serviced by MOHELA, under the Higher Education Relief Opportunities for Students Act of 2003 ("HEROES Act") in connection with economic harms caused by the COVID-19 pandemic. *Biden v. Nebraska*, 600 U.S.—, 143 S. Ct. 2355 (2023), however, determined that the

5

Secretary's authority under the HEROES Act to waive statutory or regulatory provisions in connection with the national emergency caused by the COVID-19 pandemic did not extend to the Secretary's loan forgiveness program.[3] Plaintiff is thus suing the six states and corresponding Attorneys General who sought declaratory and injunctive relief against the Secretary's plan to discharge student loans under the HEROES Act as violating the separation of powers and the Administrative Procedure Act. He accuses Defendants of "offer[ing] up disingenuous, mock arguments, both transparent and facile . . . to win by judicial action ([*Biden*]) what was lost in a democratic election." *Id*. at PageID.2. As for Defendant President Biden, Plaintiff claims that the President owes him a duty to "the provisioning of a Republican form of Government" and a duty to "guarantee against domestic violence" against him, which resulted in "unlawful taking of Plaintiff's property . . . and diminished quality of life, and . . . diminished longevity of life." *Id*. at PageID.3.

        Plaintiff "requests summary judgment against Defendants" for the following claims: violation of the Contracts Clause of the United States Constitution and "illegal interference" with executive authority to discharge

---

[3] *Biden* held that the HEROES Act "allows the Secretary of Education to 'waive or modify' existing statutory or regulatory provisions applicable to financial assistance programs under the Education Act," but it does not provide the authority to cancel $430 billion of student loan principal. 143 S. Ct. at 2368.

student loan debt under the HEROES Act; conspiracy to violate civil rights, i.e., "illegal enforcement of debt peonage, and illegal enslavement and re-enslavement"; and Defendants are "criminal traitors" under 18 U.S.C. § 2381 (treason). *Id*. at PageID.2–3. Plaintiff demands, among other things, prospective injunctive relief in the form of a writ of mandamus for the Department of Justice to investigate the Defendant Attorneys General, *id*. at PageID.2, for the court to "force" Defendant President Biden to comply with the United States Constitution to secure Plaintiff's academic and economic freedom *id*. at PageID.3, and for the court to "nullify the negative consequences" of *Biden*.[4]

        Mandamus relief—that is, to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C.A. § 1361—is unavailing here. Not only is mandamus an "extraordinary remedy," *In re Nordstrom, Inc.*, 719 F.3d 1129, 1130 (9th Cir. 2013) (citing *Bauman v. United States Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977)), it is only available if, among other things, "the official's or agency's 'duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt.'" *Hueter v. Kruse*, 576 F. Supp. 3d 743, 781 n.34 (D. Haw. 2021) (quoting *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021)). And it is well-established that an agency's decisions regarding enforcement actions are discretionary. *See*

---

[4] This court, of course, is bound by *Biden*.

*Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." (collecting cases)); *City & Cnty. of San Francisco v. U.S. Dep't of Transp.*, 796 F.3d 993, 1002 (9th Cir. 2015) ("[A]n agency's decision not to enforce is analogous to prosecutorial discretion, an arena in which courts have traditionally not interfered."); *see also Trout Unlimited v. Pirzadeh*, 1 F.4th 738, 760 (9th Cir. 2021).  In addition, "the Supreme Court has long held that courts have 'no jurisdiction of a bill to enjoin the President in the performance of his official duties' that are discretionary." *Citizens for Resp. & Ethics in Washington v. Trump*, 971 F.3d 102, 110 (2d Cir. 2020) (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866)).  To the extent Plaintiff seeks a writ of mandamus to compel the Department of Justice to investigate the Defendant Attorneys General, and to "compel" Defendant President Biden to comply with the United States Constitution, Plaintiff's claim for mandamus relief fails, is frivolous and without merit.

Likewise, "[d]istrict courts in our circuit have concluded that 'federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties.'" *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 287 (9th Cir. 2018) (citing *Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D.

8

Ariz. 1981), *aff'd*, 673 F.2d 1337 (9th Cir. 1982) (finding federal courts lacked the power to issue a writ of mandamus "directing a state agency to exercise its discretionary power")).  Thus, insofar as Plaintiff seeks mandamus against the Defendant States, this relief is also unavailing, frivolous, and without merit.

As for Plaintiff's claims for damages against the States for "violation of Plaintiff's civil rights," or "[c]onspiracy to violate civil rights," ECF No. 1 at PageID.2,—which the court construes as being brought under 42 U.S.C. § 1983— "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  Moreover, the Eleventh Amendment bar "applies regardless of the nature of relief sought," *Krainski v. Nevada ex re. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010 (citation omitted), unless the state waives such immunity, i.e., there is "unequivocal consent by the state."  *Id*.  Further, "[a] suit against state officials in their official capacities is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment."  *McNally v. Univ. of Haw.*, 780 F. Supp. 2d 1037, 1055 (D. Haw. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)).

Accordingly, these claims for damages are barred by the Eleventh Amendment, where there has been no waiver of such immunity. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67-68 (1989) (reasoning that 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (concluding that waiver can be found only "where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction") (citation and quotation marks omitted); *Hibbs v. HDM Dep't of Human Res.*, 273 F.3d 844, 851 (9th Cir. 2001) (reiterating that "Eleventh Amendment immunity cannot be constructively waived") (citations omitted).

In addition, Plaintiff's invocation of criminal statutes—18 U.S.C. §§ 241, 242, 245, *see* ECF No. 1 at PageID.2—is unavailing because these criminal statutes do not give rise to a private right of action. *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting criminal statutes generally do not give rise to a private right of action); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (providing that there is no private right of action under 18 U.S.C. § 241); *Allen v. City of Citrus Heights Police Dep't*, 2023 WL 418640, at *1 (9th Cir. Jan. 26, 2023) (mem.) ("The district court properly dismissed Allen's claims under federal and state criminal laws because none of these statutes provides for a private right of

action."). Accordingly, Plaintiff's claims against the Defendant Attorneys General in their official capacities and against the Defendant States are DISMISSED.

Given the frivolous nature of Plaintiff's claims, "it is clear that the complaint [cannot] be saved by amendment," and "dismissal without leave to amend is proper." *Huffman v. Lindgren*, 81 F.4th 1016, 1022 (9th Cir. 2023) (quoting *Salmameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal citations omitted)).

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's IFP Application, ECF No. 3, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED without leave to amend.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 12, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Meyer, et al. v. Biden, et al.*, Civ. No. 23-00470 JMS-WRP, Order (1) Granting IFP Application, ECF No. 3; and (2) Dismissing Complaint, ECF No. 1 Without Leave to Amend